UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:18-CR-48 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| CHARLES NOLDEN, | : | (electronically filed) |
| Defendant | : | |

## PLEA AGREEMENT

The following Plea Agreement is entered by the United States Attorney for the Middle District of Pennsylvania and the above-captioned defendant. Any reference to the United States or to the Government in this Agreement shall mean the Office of the United States Attorney for the Middle District of Pennsylvania.

## A. Violation(s), Penalties, and Dismissal of Other Counts

1.     Waiver of Indictment/Plea of Guilty. The defendant agrees to waive indictment by a grand jury and plead guilty to a felony Superseding Information, which will be filed against the defendant by the United States Attorney for the Middle District of Pennsylvania. That Information will charge the defendant with a violation of Title 18 U.SC. §922(g), felon in possession of a firearm and a violation of Title 18 U.S.C. §924(c), possession of a firearm in furtherance of drug trafficking.

The maximum penalty for being a felon in possession of a firearm is imprisonment for a period of 10 years, a fine of $250,000, a maximum term of supervised release of 3 years, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. The maximum penalty for possessing a firearm in furtherance of drug trafficking is imprisonment for a period of life, a fine of $250,000, a maximum term of supervised release of 5 years, to be determined by the Court, which shall be served at the conclusion of and in addition to any term of imprisonment, the costs of prosecution, denial of certain federal benefits, and an assessment in the amount of $100. At the time the guilty plea is entered, the defendant shall admit to the Court that the defendant is, in fact, guilty of the offenses charged in the Superseding Information. The defendant agrees that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any

2

Court.  The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

2.      Dismissal of Counts.  At the time of sentencing on the Information described above, the United States agrees to move for dismissal of the Indictment filed under case number 1:18-cr-48.  The defendant agrees, however, that the United States may, at its sole election, reinstate any dismissed charges or seek additional charges in the event that any guilty plea entered or sentence imposed pursuant to this Agreement is subsequently vacated, set aside, or invalidated by any Court.  The defendant further agrees to waive any defenses to reinstatement of those charges, or the filing of additional charges, based upon laches, the assertion of speedy trial rights, any applicable statute

3

of limitations, or any other ground.  The calculation of time under the Speedy Trial Act for when trial must commence is tolled as of the date of the defendant's signing of this Agreement, until either (a) the defendant pleads guilty; or (b) a new date is set by the Court for commencement of trial.

3.    <u>Mandatory Minimum Sentence</u>.  Possession of a firearm in furtherance of drug trafficking carries a mandatory minimum period of imprisonment of 5 years.  The sentence on this count shall be imposed to run consecutively to any other term of imprisonment imposed on the defendant.

4.    <u>Term of Supervised Release</u>.  The defendant also understands that the Court may impose a term of supervised release following any sentence of imprisonment exceeding one year, or when required by statute.  The Court may require a term of supervised release in any other case.  In addition, the defendant understands that as a condition of any term of supervised release or probation, the Court must order that the defendant cooperate in the collection of a DNA sample if the collection of a sample is so authorized by law.

4

5.   <u>Maximum Sentence – Multiple Counts</u>.  The defendant
understands that the total, maximum possible sentence for all charges
is the combination of penalties described above; that is, life in prison
and fines totaling $500,000, 5 years of supervised release, the costs of
prosecution, denial of certain federal benefits and an assessment
totaling $200.

6.   <u>No Further Prosecution, Except Tax Charges</u>.  The United
States Attorney's Office for the Middle District of Pennsylvania agrees
that it will not bring any other criminal charges against the defendant
directly arising out of the defendant's involvement in the offense(s)
described above.  However, nothing in this Agreement will limit
prosecution for criminal tax charges, if any, arising out of those
offenses.

B.  **Fines and Assessments**

7.   <u>Fine</u>.  The defendant understands that the Court may
impose a fine pursuant to the Sentencing Reform Act of 1984.  The
willful failure to pay any fine imposed by the Court, in full, may be
considered a breach of this Plea Agreement.  Further, the defendant

5

acknowledges that willful failure to pay the fine may subject the defendant to additional criminal violations and civil penalties pursuant to Title 18, United States Code, § 3611, et seq.

8.      Alternative Fine.  The defendant understands that under the alternative fine section of Title 18, United States Code, § 3571, the maximum fine quoted above may be increased if the Court finds that any person derived pecuniary gain or suffered pecuniary loss from the offense and that the maximum fine to be imposed, if the Court elects to proceed in this fashion, could be twice the amount of the gross gain or twice the amount of the gross loss resulting from the offense.

9.      Inmate Financial Responsibility Program.  If the Court orders a fine or restitution as part of the defendant's sentence, and the sentence includes a term of imprisonment, the defendant agrees to voluntarily enter the United States Bureau of Prisons-administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect up to 50% of the defendant's prison salary, and up to 50% of the balance of the

6

defendant's inmate account, and apply that amount on the defendant's behalf to the payment of the outstanding fine and restitution orders.

10.   Special Assessment.  The defendant understands that the Court will impose a special assessment of $200, pursuant to the provisions of Title 18, United States Code, § 3013.  No later than the date of sentencing, the defendant or defendant's counsel shall mail a check in payment of the special assessment directly to the Clerk, United States District Court, Middle District of Pennsylvania.  If the defendant intentionally fails to make this payment, that failure may be treated as a breach of this Plea Agreement and may result in further prosecution, the filing of additional criminal charges, or a contempt citation.

11.   Collection of Financial Obligations.  In order to facilitate the collection of financial obligations imposed in connection with this case, the defendant consents and agrees:

      a.   to fully disclose all assets in which the defendant has an interest or over which the defendant has control, directly or indirectly, including those held by a spouse, nominee, or other third party;

7

b.  to submit to interviews by the Government regarding the defendant's financial status;

c.  to submit a complete, accurate, and truthful financial statement, on the form provided by the Government, to the United States Attorney's Office no later than 14 days following entry of the guilty plea;

d.  whether represented by counsel or not, to consent to contact by and communication with the Government, and to waive any prohibition against communication with a represented party by the Government regarding the defendant's financial status;

e.  to authorize the Government to obtain the defendant's credit reports in order to evaluate the defendant's ability to satisfy any financial obligations imposed by the Court; and

f.  to submit any financial information requested by the Probation Office as directed, and to the sharing of financial information between the Government and the Probation Office.

8

## C. Sentencing Guidelines Calculation

12.    Determination of Sentencing Guidelines.    The defendant
and counsel for both parties agree that the United States Sentencing
Commission Guidelines, which took effect on November 1, 1987, and its
amendments (the "Sentencing Guidelines"), will apply to the offense or
offenses to which the defendant is pleading guilty. The defendant
understands that the Sentencing Guidelines are advisory and not
binding on the Court. The defendant further agrees that any legal and
factual issues relating to the application of the Sentencing Guidelines to
the defendant's conduct, including facts to support any specific offense
characteristic or other enhancement or adjustment and the appropriate
sentence within the statutory maximums provided for by law, will be
determined by the Court after briefing, a pre-sentence hearing, or a
sentencing hearing.

13.    Acceptance of Responsibility– Three Levels. If the defendant
can adequately demonstrate recognition and affirmative acceptance of
responsibility to the Government as required by the Sentencing
Guidelines, the Government will recommend that the defendant receive

9

a three-level reduction in the defendant's offense level for acceptance of responsibility. The third level, if applicable, shall be within the discretion of the Government under U.S.S.G. § 3E1.1. The failure of the Court to find that the defendant is entitled to a reduction shall not be a basis to void this Agreement.

## D. Sentencing Recommendation

14.     Special Conditions of Probation/Supervised Release. If probation or a term of supervised release is ordered, the United States may recommend that the Court impose one or more special conditions, including but not limited to the following:

a. The defendant be prohibited from possessing a firearm or other dangerous weapon.

b. The defendant make restitution, if applicable, the payment of which shall be in accordance with a schedule to be determined by the Court.

c. The defendant pay any fine imposed in accordance with a schedule to be determined by the Court.

10

d.  The defendant be prohibited from incurring new credit charges or opening additional lines of credit without approval of the Probation Office unless the defendant is in compliance with the payment schedule.

e.  The defendant be directed to provide the Probation Office and the United States Attorney access to any requested financial information.

f.  The defendant be confined in a community treatment center, halfway house, or similar facility.

g.  The defendant be placed under home confinement.

h.  The defendant be ordered to perform community service.

i.  The defendant be restricted from working in certain types of occupations or with certain individuals, if the Government deems such restrictions to be appropriate.

j.  The defendant be directed to attend substance abuse counseling, which may include testing to determine whether the defendant is using drugs or alcohol.

11

k.  The defendant be directed to attend psychiatric or psychological counseling and treatment in a program approved by the Probation Officer.

l.  The defendant be denied certain federal benefits including contracts, grants, loans, fellowships and licenses.

m.  The defendant be directed to pay any state or federal taxes and file any and all state and federal tax returns as required by law.

15.  <u>Rule 11(c)(1)(C) Binding Agreement</u>.  Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Government and the defendant stipulate and agree to the following regarding the defendant's offense level, criminal history category, and sentence: The defendant be sentenced to a term of imprisonment of 14 years, a fine of $500, a term of supervised release of 3 years, and a $200 special assessment.  The parties agree that this sentence is a reasonable sentence under the facts and circumstances of this case.  If at sentencing the Court fails to accept the stipulations of the parties, or imposes a sentence different from that agreed to by the parties, then

either the defendant or the United States has the right to withdraw from this Agreement and any guilty plea entered pursuant to this Agreement.

## E. Forfeiture of Assets

16.    Forfeiture. The present Superseding Information seeks forfeiture of the defendant's interests in certain assets. In the event the United States seeks to forfeit those assets through a civil proceeding, the defendant understands that dismissal of the criminal forfeiture allegation in no way limits the United States from proceeding civilly against any assets owned or held by the defendant or any other party. Defendant agrees to settle any civil and criminal forfeiture matters arising out of the offense of conviction and its relevant conduct. The defendant agrees that the defendant's property constitutes proceeds of, is derived from proceeds traceable to, or was used in any manner or part to commit or facilitate the commission of the offense of conviction and its relevant conduct. Defendant further agrees to the following:

      a.    Forfeiture of all properties, real and personal listed in the Forfeiture Allegation of the Indictment/Information;

13

b.  Immediate entry of the preliminary order of forfeiture or the filing of a civil complaint by the United States, pursuant to Title 18, United States Code, § 981;

c.  Waiver of the right to personal service of all process and naming of Jason Asbell, Esquire as agent for service of all process;

d.  Waiver of the right to appear and contest any portion of the forfeiture proceedings, including but not limited to, any motion or proceeding for substitute assets;

e.  The filing and entry of a consent decree of forfeiture;

f.  Disclosure, no later than upon signing this Agreement, of all persons and entities holding an equitable or legal interest in the property, real or personal, subject to forfeiture pursuant to this Agreement;

g.  Concurrence in any motion necessary to be filed and signing any documents necessary to effectuate forfeiture;

14

h.  Payment of costs associated with the seizure, storage, and maintenance of any asset being returned to the defendant as a result of this Agreement;

i.  In the event any assets are being returned to the defendant, such return does not amount to having "substantially prevailed" in the pursuit of any claim, and to make no claim against the United States or any of its agencies or employees, including claims for attorney's fees and costs of litigation;

j.  Waiver of any double jeopardy challenges the defendant may have to any administrative or civil forfeiture actions, pending or completed, arising out of the course of conduct forming the basis for the forfeitures; and

k.  Waiver of all constitutional, legal, and equitable claims arising out of and defenses to the forfeiture of this property in any proceeding, including any claim of innocent ownership and any claim or defense under the Eighth Amendment, including any claim of excessive fine.

15

17.    Destruction Order/Waivers.  The defendant further agrees, should the United States deem it appropriate, to the destruction of the items seized during the course of the investigation.  The defendant agrees that the items may be destroyed by the investigative agency with or without a court order authorizing the destruction of the items seized. If the United States determines that a destruction order should be obtained, the defendant and defendant's counsel hereby concur in a motion for such an order.  The defendant further agrees to waive all interest in the assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal.  The defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a).  Any related administrative claim filed by the defendant is hereby withdrawn.  The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of forfeiture in the judgment.

## F. Victims' Rights and Restitution

18.     Victims' Rights. The defendant understands that pursuant
to the Victim and Witness Protection Act, the Crime Victims' Rights
Act, the Justice for All Act, and the regulations promulgated under
those Acts by the Attorney General of the United States, crime victims
have the following rights:

a.  The right to be reasonably protected from the accused;

b.  The right to reasonable, accurate, and timely notice of any
    public court proceeding or any parole proceeding involving
    the crime, or of any release or escape of the accused;

c.  The right not to be excluded from any such public court
    proceeding, unless the Court, after receiving clear and
    convincing evidence, determines that testimony by the
    victim would be altered materially if the victim heard other
    testimony at that proceeding;

d.  The right to be reasonably heard at any public hearing in
    the Court involving release, plea, sentencing, or any parole
    proceeding. The defendant understands that the victims'

17

comments and recommendations at any of these proceedings may be different than those of the parties to this Agreement;

e. The reasonable right to confer with the attorney for the Government in the case. The defendant understands that the victims' opinions and recommendations given to the attorney for the Government may be different than those presented by the United States as a consequence of this Agreement;

f. The right to full and timely restitution as provided for by law. The attorney for the Government is required to "fully advocate the rights of victims on the issue of restitution unless such advocacy would unduly prolong or complicate the sentencing proceeding," and the Court is authorized to order restitution by the defendant including, but not limited to, restitution for property loss, economic loss, personal injury, or death;

g. The right to proceedings free from unreasonable delay; and

18

h.  The right to be treated with fairness and with respect for
the victim's dignity and privacy.

19.  <u>Restitution</u>.  The defendant acknowledges that, pursuant to
the Mandatory Restitution Act of April 24, 1996, Title 18, United States
Code, § 3663A, the Court is required in all instances to order full
restitution to all victims for the losses those victims have suffered as a
result of the defendant's conduct.  The defendant also agrees that the
Government will seek and the Court may impose an order of restitution
as to victims of the defendant's relevant conduct.  With respect to the
payment of restitution, the defendant further agrees that, as part of the
sentence in this matter, the defendant shall be responsible for making
payment of restitution in full, unless the defendant can demonstrate to
the satisfaction of the Court that the defendant's economic
circumstances do not allow for the payment of full restitution in the
foreseeable future, in which case the defendant will be required to make
partial restitution payments.  In addition to the schedule of payments
that may be established by the Court, the defendant understands and
agrees that, pursuant to the Mandatory Victims Restitution Act of 1996

19

and the Justice For All Act of 2004, victims of federal crimes are entitled to full and timely restitution. As such, these payments do not preclude the Government from using other assets or income of the defendant to satisfy the restitution obligation. The defendant understands and agrees that the United States Attorney's Office, by and through the Financial Litigation Unit, has the obligation and the right to pursue any legal means, including but not limited to, submission of the debt to the Treasury Offset Program, to collect the full amount of restitution owed to the victims in a timely fashion. Although the defendant may reserve the right to contest the amount of restitution owed, the defendant agrees to take all steps to facilitate collection of all restitution, including submitting to debtor's exams as directed by the Government. Towards this goal, the defendant agrees to waive any further notice of forfeiture and agrees that the United States may, at its sole election, elect to pursue civil or criminal forfeiture in the amount of the victim restitution owed in this case, and the Court may enter both a restitution order and a forfeiture judgment in the amount of any unpaid restitution found by the Court to be due and owing at the

20

time of sentencing in this matter.  The defendant consents to the filing

of any civil complaint or superseding information which may be

necessary to perfect a forfeiture order and further stipulates and agrees

that the defendant's guilty plea constitutes an admission to all matters

legally and factually necessary for entry of a forfeiture order in this

case.  The parties agree that the Government will recommend, but

cannot guarantee, that any assets recovered through forfeiture

proceedings be remitted to crime victims to reduce the defendant's

restitution obligation in this case.  The defendant acknowledges that

the making of any payments does not preclude the Government from

using other assets or income of the defendant to satisfy the restitution

obligation.  The defendant understands that the amount of restitution

calculated for purposes of Chapter 5 of the Sentencing Guidelines might

be different from the amount of loss calculated for purposes of Chapter

2 of the Sentencing Guidelines.

## G.  Information Provided to Court and Probation Office

20.  Background Information for Probation Office.  The

defendant understands that the United States will provide to the

21

United States Probation Office all information in its possession that the United States deems relevant regarding the defendant's background, character, cooperation, if any, and involvement in this or other offenses.

21.    Objections to Pre-Sentence Report.  The defendant understands that pursuant to the United States District Court for the Middle District of Pennsylvania's "Policy for Guideline Sentencing," both the United States and defendant must communicate to the Probation Officer within 14 days after disclosure of the pre-sentence report any objections they may have as to material information, sentencing classifications, applicable Sentencing Guidelines ranges, and policy statements contained in or omitted from the report.  The defendant agrees to meet with the United States at least five days prior to sentencing in a good faith attempt to resolve any substantive differences.  If any issues remain unresolved, they shall be communicated to the Probation Officer for inclusion in an addendum to the pre-sentence report.  The defendant agrees that unresolved substantive objections will be decided by the Court after briefing, a pre-sentence hearing, or at the sentencing hearing, where the standard or

22

proof will be a preponderance of the evidence, and the Federal Rules of Evidence, other than with respect to privileges, shall not apply under Fed. R. Evid. 1101(d)(3), and the Court may consider any reliable evidence, including hearsay. Objections by the defendant to the pre-sentence report or the Court's rulings, will not be grounds for withdrawal of a plea of guilty.

22.    Relevant Sentencing Information.  At sentencing, the United States will be permitted to bring to the Court's attention, and the Court will be permitted to consider, all relevant information about the defendant's background, character and conduct, including the conduct that is the subject of the charges that the United States has agreed to dismiss, and the nature and extent of the defendant's cooperation, if any. The United States will be entitled to bring to the Court's attention and the Court will be entitled to consider any failure by the defendant to fulfill any obligation under this Agreement.

23.    Non-Limitation on Government's Response.  Nothing in this Agreement shall restrict or limit the nature or content of the United States' motions or responses to any motions filed on behalf of the

23

defendant. Nor does this Agreement in any way restrict the

Government in responding to any request by the Court for briefing,

argument or presentation of evidence regarding the application of

Sentencing Guidelines to the defendant's conduct, including but not

limited to, requests for information concerning possible sentencing

departures.

## H.  Court Not Bound by Plea Agreement

24.     Court Not Bound by Terms.  The defendant understands

that the Court is not a party to and is not bound by this Agreement, or

by any recommendations made by the parties.  Thus, the Court is free

to impose upon the defendant any sentence up to and including the

maximum sentence of imprisonment for life, a fine of $500,000, a

maximum term of supervised release of up to 5 years, which shall be

served at the conclusion of and in addition to any term of imprisonment,

the costs of prosecution, denial of certain federal benefits, and

assessments totaling $200.

25.     No Withdrawal of Plea Based on Sentence or

Recommendations.  If the Court imposes a sentence with which the

24

defendant is dissatisfied, the defendant will not be permitted to withdraw any guilty plea for that reason alone, nor will the defendant be permitted to withdraw any guilty plea should the Court decline to follow any recommendations by any of the parties to this Agreement.

## I.   Breach of Plea Agreement by Defendant

26.     Breach of Agreement.  In the event the United States believes the defendant has failed to fulfill any obligation under this Agreement, then the United States shall, in its discretion, have the option of petitioning the Court to be relieved of its obligations under this Agreement.  Whether the defendant has completely fulfilled all of the obligations under this Agreement shall be determined by the Court in an appropriate proceeding, during which any disclosures and documents provided by the defendant shall be admissible, and during which the United States shall be required to establish any breach by a preponderance of the evidence.  In order to establish any breach by the defendant, the United States is entitled to rely on statements and evidence given by the defendant during the cooperation phase of this Agreement, if any.

25

27.     Remedies for Breach.  The defendant and the United States agree that in the event the Court concludes that the defendant has breached the Agreement:

  a.   The defendant will not be permitted to withdraw any guilty plea tendered under this Agreement and agrees not to petition for withdrawal of any guilty plea;

  b.   The United States will be free to make any recommendations to the Court regarding sentencing in this case;

  c.   Any evidence or statements made by the defendant during the cooperation phase of this Agreement, if any, will be admissible at any trials or sentencings;

  d.   The United States will be free to bring any other charges it has against the defendant, including any charges originally brought against the defendant or which may have been under investigation at the time of the plea.  The defendant waives and hereby agrees not to raise any defense to the reinstatement of these charges based upon collateral

26

estoppel, Double Jeopardy, statute of limitations, assertion of Speedy Trial rights, or other similar grounds.

28.   Violation of Law While Plea or Sentence Pending.  The defendant understands that it is a condition of this Agreement that the defendant refrain from any further violations of state, local, or federal law while awaiting plea and sentencing.  The defendant acknowledges and agrees that if the Government receives information that the defendant has committed new crimes while awaiting plea or sentencing in this case, the Government may petition the Court and, if the Court finds by a preponderance of the evidence that the defendant has committed any other criminal offense while awaiting plea or sentencing, the Government shall be free at its sole election to either:  (a) withdraw from this Agreement; or (b) make any sentencing recommendations to the Court that it deems appropriate.  The defendant further understands and agrees that, if the Court finds that the defendant has committed any other offense while awaiting plea or sentencing, the defendant will not be permitted to withdraw any guilty pleas tendered

27

pursuant to this Agreement, and the government will be permitted to bring any additional charges that it may have against the defendant.

## J. Deportation

29. <u>Deportation/Removal from the United States</u>. The defendant understands that, if defendant is not a United States citizen, deportation/removal from the United States is a consequence of this plea. The defendant further agrees that this matter has been discussed with counsel who has explained the immigration consequences of this plea. The defendant still desires to enter into this plea after having been so advised.

## K. Appeal Waiver

30. <u>Appeal Waiver – Direct</u>. The defendant is aware that Title 28, United States Code, § 1291 affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, § 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-

28

constitutional, including, but not limited to, the manner in which that

sentence was determined in light of *United States v. Booker*, 543 U.S.

220 (2005).  The defendant further acknowledges that this appeal

waiver is binding only upon the defendant and that the United States

retains its right to appeal in this case.

31.     Collateral Appeal Waiver.  The defendant acknowledges,

understands and agrees that, by pleading guilty pursuant to this

Agreement, the defendant voluntarily and knowingly waives the right

to collaterally attack the defendant's conviction, sentence, or any other

matter relating to this prosecution, including but not limited to a

motion to vacate judgment under Title 28, United States Code, Section

2255; a petition for a writ of habeas corpus under Title 28, United

States Code, Section 2241; a motion to amend or for relief from

judgment under Rules 59 or 60 of the Federal Rules of Civil Procedure;

and a petition for a writ of coram nobis, audita querela, or any other

extraordinary writ.  Nothing in the foregoing waiver of rights shall

preclude the defendant from raising a claim of ineffective assistance of

counsel.  In the event the defendant raises a claim of ineffective

29

assistance of counsel, the defendant hereby agrees (a) that the

Government retains its right to oppose any such claim on procedural or

substantive grounds; and (b) to counsel for the United States conferring

with any of the defendant's prior counsel whose performance is attacked

in such a claim, for purposes of preparing any response or for any

hearing necessitated by the filing of such a claim.

32.    <u>Appeal Waiver Breach.</u>  The defendant acknowledges that

pursuing a direct appeal or any collateral attack waived in the

preceding paragraph(s) may constitute a breach of this Agreement. The

Government recognizes that the mere filing of a notice of appeal is not a

breach of the Agreement. The Government may declare a breach only

after the defendant or the defendant's counsel thereafter states, either

orally or in writing, a determination to proceed with an appeal or

collateral attack raising an issue the Government deems barred by the

waiver.  The parties acknowledge that the pursuit of an appeal or any

collateral attack constitutes a breach only if a court determines that the

appeal or collateral attack does not present an issue that a judge may

reasonably conclude is permitted by an exception to the waiver stated in

30

the preceding paragraph(s) or constitutes a "miscarriage of justice" as that term is defined in applicable law.

## L.  Other Provisions

33.    Agreement Not Binding on Other Agencies.  Nothing in this Agreement shall bind any other United States Attorney's Office, state prosecutor's office, or federal, state or local law enforcement agency.

34.    No Civil Claims or Suits.  The defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to the defendant, arising out of the investigation, prosecution or cooperation, if any, covered by this Agreement, including but not limited to any claims for attorney's fees and other litigation expenses arising out of the investigation and prosecution of this matter.  By the defendant's guilty plea in this matter the defendant further acknowledges that the Government's position in this litigation was taken in good faith, had a substantial basis in law and fact and was not vexatious.

31

35. FOIA Waiver. The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

36. Plea Agreement Serves Ends of Justice. The United States is entering this Agreement with the defendant because this disposition of the matter fairly and adequately addresses the gravity of the offense(s) from which the charge(s) is/are drawn, as well as the defendant's role in such offense(s), thereby serving the ends of justice.

37. Merger of All Prior Negotiations. This document states the complete and only Agreement between the United States Attorney for the Middle District of Pennsylvania and the defendant in this case, and is binding only on the parties to this Agreement and supersedes all prior understandings or plea offers, whether written or oral. This agreement cannot be modified other than in writing that is signed by all parties or on the record in court. No other promises or inducements

32

have been or will be made to the defendant in connection with this case,

nor have any predictions or threats been made in connection with this

plea.  Pursuant to Rule 11 of the Federal Rules of Criminal Procedure,

the defendant certifies that the defendant's plea is knowing and

voluntary, and is not the result of force or threats or promises apart

from those promises set forth in this Agreement.

38.   Defendant is Satisfied with Assistance of Counsel. The

Defendant agrees that the defendant has discussed this case and this

Agreement in detail with the defendant's attorney, who has advised the

defendant of the defendant's Constitutional and other trial and

appellate rights, the nature of the charges, the elements of the offenses

the United States would have to prove at trial, the evidence the United

States would present at such trial, possible defenses, the advisory

Sentencing Guidelines and other aspects of sentencing, potential losses

of civil rights and privileges, and other potential consequences of

pleading guilty in this case. The defendant agrees that the defendant is

satisfied with the legal services and advice provided to the defendant by

the defendant's attorney.

33

39.     <u>Deadline for Acceptance of Plea Agreement</u>.  The original of this Agreement must be signed by the defendant and defense counsel and received by the United States Attorney's Office on or before 5:00 p.m., Monday, February 15, 2021, otherwise the offer may, in the sole discretion of the Government, be deemed withdrawn.

40.     <u>Required Signatures</u>.  None of the terms of this Agreement shall be binding on the Office of the United States Attorney for the Middle District of Pennsylvania until signed by the defendant and defense counsel and then signed by the United States Attorney or his designee.

## ACKNOWLEDGMENTS

I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____
Date

*[signature]* for *CHARLES NOLDEN*
To be submitted upon receipt
CHARLES NOLDEN
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this agreement with the defendant. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

2/17/21
Date

JASON ASBELL
Counsel for Defendant

BRUCE D. BRANDLER
Acting United States Attorney

2/16/21
Date

By: _____
SCOTT R. FORD
Assistant United States Attorney

SRF/2/9/2021
VERSION DATE: November 5, 2020

35