UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CR. NO. 1:18-CR-48 |
|---|---|---|
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| CHARLES NOLDEN | : | |

GOVERNMENT'S SENTENCING MEMORANDUM

AND NOW, the United States of America, by its undersigned counsel, submits the following Sentencing Memorandum in the above-captioned case.

I.  INTRODUCTION

The parties agree, that the defendant should be sentenced to a total term of imprisonment of 14 years, a 3 year term of supervised release, a $500 fine, and a $100 special assessment. The defendant raises two objections to the Presentence Report (PSR) which would effect the defendant's sentencing guidelines, but those objections are generally irrelevant as the Court may accept the plea agreement even if the sentence is outside the applicable guideline range. Nonetheless the Court should overrule the defendant's first objection as he is subject to 3 criminal history points for the conviction at paragraph 33 of the

1

Presentence Report (PSR); however, the Government does not oppose the defendant's objection to the PSR's finding that he is a career offender. As a result, he is in Criminal History Category V and should be subject to 19 offense levels, placing his sentencing guidelines for Count 1 at 57-71 months with a mandatory consecutive sentence of 60 months on Count 2 or total guidelines of 117-131 months.

The defendant has an egregious criminal history marked by multiple firearms offenses, a conviction for conspiracy to commit murder, and multiple convictions while on supervision. Additionally, his offense conduct involves not only the possession and distribution of a mixture containing fentanyl and heroin, but also the possession of a fully automatic AR-15 assault weapon along with a loaded 30 round magazine and 150 additional rounds of ammunition. Further, he has already received the benefit of avoiding a 30 year mandatory minimum term of imprisonment by accepting this plea agreement. For all these reasons, the Court should vary upwards and sentence the defendant to 108 months imprisonment on Count 1 with a consecutive 60 months imprisonment on Count 2. For these same reasons, it should also revoke his supervised release at docket number 1:09-CR-93 and

sentence him to a guideline sentence of 24 months. Finally, it should order that both sentences run consecutive to one another and any other sentence which may be imposed.

## II. FACTS

On August 22 and again on August 23, 2017, the defendant sold a bundle of heroin to a cooperating source. At a minimum, the drugs sold on August 23, 2017 contained fentanyl in addition to heroin. (PSR ¶7.) On August 23, 2017, officers executed a search warrant on the defendant's residence and discovered a bag containing 13.38 grams of a mixture containing heroin and fentanyl, rubber bands, empty glassine bags, and a digital scale. (PSR ¶8.) In the defendant's vehicles, investigators found seven glassine bags containing an additional 1.31 grams of a mixture containing both heroin and fentanyl, two Oxycontin pills, and a box of empty glassine bags. (PSR ¶ 10.) Investigators also found an AR-15 rifle, a fully loaded 30 round magazine, 150 rounds of 5.56 ammunition, and various rifle parts under the defendant's bed. The rifle had been modified to fire on fully automatic. (PSR ¶9.)

## III. PROCEDURAL HISTORY

On February 14, 2018, the defendant was charged with: distribution of heroin, in violation of 21 U.S.C. § 841 (Count 1); felon in possession of a firearm, in violation of 18 U.S.C. §922(g) (Count 2); possession of a machine gun, in violation of 18 U.S.C. §922(o) (Count 3); possession of an unregistered firearm, in violation of 26 U.S.C. §5861(d) (Count 4); distribution and possession with intent to distribute heroin, in violation of 21 U.S.C. §841 (Count 5); and possession of a machine gun in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c) (Count 6).  On February 16, 2021, the Government filed a Superseding Information which charged the defendant with being a felon in possession of a firearm, in violation of 18 U.S.C. §922(g) (Count 1) and possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §924(c).  On March 16, 2021, the defendant pled guilty to the Superseding Information in accordance with a written plea agreement, in which the Government and the defendant agreed, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), that the defendant be sentenced to 14 years imprisonment, 3 years supervised release, a $500 fine, and a $200 special assessment.

On June 14, 2021, the U.S. Probation Office completed a final PSR, which found the defendant was subject to 23 offense levels and would be in Criminal History Category V, with 12 criminal history points; however, he was a career offender and therefore subject to guidelines of 262 to 327 months imprisonment. (PSR ¶¶28, 39, and 70.) The defendant has filed two objections to the PSR which effect the sentencing guidelines. First, he argues that his 2000 conviction for possession with intent to distribute crack cocaine, listed in paragraph 33 of the PSR, falls outside the applicable time period of U.S.S.G. §4A1.1. He also argues that his 2000 conviction for conspiracy to commit murder is not a career offender predicate. For the reasons stated below, the Court should deny the defendant's first objection as he is subject to 3 criminal history points for the conviction listed in paragraph 33 of the PSR, but the Government does not oppose the defendant's second objection regarding his career offender status. Regardless of the Court's ruling on the defendant's objections, it should sentence him in accordance with the plea agreement to 14 years imprisonment, a $500 fine, a 3 year term of supervised release and a $100 special assessment.

## IV. ARGUMENT

Proper sentencing procedure is a three-step process. First, the district court must make a determination of the sentencing guideline range. *Gall v. United States*, 552 U.S. 38, 50 (2007); *Peugh v. United States*, --- U.S. ---, 133 S. Ct. 2072, 2084 (2013); *United States v. Boney*, 769 F.3d 153, 159 (3d Cir. 2014). Second, the court must resolve any requested departures from the sentencing guidelines. *United States v. Wise*, 515 F.3d 207, 216 (3d Cir. 2008); *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). Finally, the sentencing judge is required to fashion a sentence after making an individualized assessment of the defendant and considering all of the 18 U.S.C. § 3553(a) factors. *Gall*, 552 U.S. at 50; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

### A. Step One - Sentencing Guidelines

Step one at sentencing requires a determination of the sentencing guidelines. The defendant has raised two objections to the PSR:

1) <u>The PSR appropriately accounts for the Defendant's 2000 conviction for possession with intent to deliver crack cocaine. (PSR ¶33.)</u>

6

The government opposes the defendant's objection that his 2000 conviction for possession with intent to deliver crack cocaine should not be counted toward his criminal history. (Doc. 114, pg. 4.) The defendant was arrested on June 8, 2000, for possession with intent to deliver crack cocaine at York County Court of Common Pleas (CCCP) docket number 4365-2000. (PSR ¶33.) The defendant was then arrested on August 8, 2000 for his involvement in a murder at York CCCP docket number 4662-2000. (PSR ¶34.) The defendant was held on docket number 4662-2000, but there is no indication his bail was ever revoked on docket number 4365-2000. (GE 3, York CCCP Dkt. No. 4365-2000.)

On December 12, 2000, the defendant pled guilty to possession with intent to deliver crack cocaine on docket number 4365-2000 and was sentenced to 1-2 years imprisonment. (PSR ¶33.) At the sentencing, the Court ordered that the sentence include "credit for time served," but did not indicate how much time he should be credited or when the sentence became effective. (Government Exhibit (GE) 1, York CCCP Dkt. No. 4365-2000 Guilty Plea Colloquy, 9.) The Court Commitment Order for that docket number states the sentence was

imposed on December 12, 2000 and does not indicate the defendant should receive credit for any time served. (GE2 Court Commitment York CCCP Dkt. No. 4365-2000, 2.)

On February 12, 2001, the defendant pled guilty, as part of a plea bargain, to conspiracy to commit third degree murder in relation to docket number 4662-2000 and sentenced the defendant to 5-10 years imprisonment with an effective date of August 8, 2000. (GE 4, York CCCP Dkt. No. 4662-2000 Guilty Plea Colloquy, 16.) The Court commitment for this conviction also stated the defendant was to receive credit for time served "From 08-08-00 To 02-12-01" or 189 days. (GE5 Court Commitment York CCCP Dkt. No. 4662-2000, 2.)

While the sentencing Judge at docket number 4365-2000 ordered that the defendant receive credit for time served, there was no time to credit because his bail was never revoked. He was being held from August 8, 2000 through December 12, 2000 on his charges at docket number 4662-2000 and that sentencing judge gave him credit toward that sentence. Therefore, the defendant's sentence on docket number 4365-2000 began on December 12, 2000 and ran through December 12, 2002, which was within 15 years of the commencement of the instant

8

offense, which began on August 22, 2017. Hence, 3 criminal history points should be applied for this conviction and he should remain in criminal history category V.

    2) <u>The Government does not oppose the defendant's objection that to the finding that he is a career offender.</u>

The Government does not concede that conspiracy to commit third degree murder cannot be a career offender predicate, but does not oppose the defendant's objection and will not present evidence or argument that the defendant is a career offender.[1]

    3) <u>The Appropriate Sentencing Guidelines</u>

If the Court were to overrule the defendant's objection regarding the application of criminal history points for his conviction at PSR paragraph 33 and sustain the defendant's objection that he is not a career offender, he would be in criminal history category V with 12

---

[1] The Government notes that under *United States v. Nasir,* 382 F.3d 144 (3d Cir. 2020), inchoate offenses related to controlled substances offenses cannot serve as career offender predicates. However, it remains an open question as to whether the *Nasir* holding also applies to "crimes of violence." That issue is currently before the Third Circuit in the case of *U.S. v. Junior Abreu,* Third Circuit Dkt. No. 20-2786. Given the uncertainty of the law in this area and the fact a sentence of 14 years imprisonment is warranted under this case even if the defendant is not a career offender, the Government does not oppose the defendant's objection.

criminal history points. (Addendum to PSR, pg. 3.) Additionally, he would be subject to 22 offense levels because the offense involved a semiautomatic firearm capable of accepting a large capacity magazine and the defendant had previously been convicted of a controlled substance offense. U.S.S.G. §2K2.1(a)(3). After receiving a 3 level reduction for acceptance, his total offense level would be 19. This would result in guidelines of 57-71 months on Count 1 with a mandatory consecutive sentence of 60 months on Count 2 or total guidelines of 117-131 months.

If the Court were to grant both objections, the defendant would be in criminal history category IV with 9 criminal history points. He would be subject to 20 offense levels in accordance with U.S.S.G. §2K2.1(a)(4)(B) or a total of 17 offense levels after acceptance. This would result in guidelines of 37-46 months on Count 1 with a mandatory consecutive sentence of 60 months on Count 2 or total guidelines of 97-106 months.

   B.   Step Two - Departures Request

Neither party is seeking a departure or a variance.

   C.   Step Three – Balancing of Section 3553(a) Factors

The final step in the sentencing process is the balancing of the section 3553(a) factors. During this stage, the district court is required to not only balance these factors but to create a sufficient record for an appeals court to have confidence that it has considered these factors. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). While the record does not have to address every possible argument, "a colorable argument about the applicability of one of the § 3553(a) factors" should be addressed. *United States v. Merced*, 603 F.3d 203, 215 (3d Cir. 2010).

Here, the parties have agreed that a sentence of 14 years imprisonment is appropriate in this case. Regardless of whether the defendant's overall guidelines are 117-131 or 97-106 months, a 14 years is clearly appropriate given the application of the §3553(a) factors. The Court is free to accept this plea agreement, even if the agreed upon sentence is outside the sentencing guidelines. "Rule [11(c)(1)(C)] disposes of the case, requiring us to hold that a sentencing court has the authority to accept a plea agreement stipulating to a sentencing factor or a provision of the sentencing guidelines that otherwise would not apply, or specifying a sentence that falls outside the applicable guidelines range. Once the District Court has accepted such an

agreement, it is binding." *United States v. Bernard,* 373 F.3d 339, 343–44 (3d Cir.2004).

Here, the Government requests the Court vary upwards and sentence the defendant to 108 months on Count 1 and a consecutive 60 months on Count 2 for a total sentence of 168 months or 14 years imprisonment. Further, the defendant's supervised release at 1:09-CR-93 should be revoked and he should be sentenced to 24 months confinement. Finally, both sentences should be ordered to run consecutive to one another as well as any other possible revocation.

1) <u>Nature and circumstances of the offense</u>

This defendant possessed an assault rifle which was modified to allow it fire on fully automatic. Additionally, he had a fully loaded 30 round magazine and 150 additional rounds of ammunition, co-located with the rifle. Furthermore, he possessed over 14 grams of a mixture of heroin and fentanyl. The Government need not impress upon the Court the danger that either this firearm or drugs posed to society, let alone when the two are combined. With simply the pull of his finger, the defendant could have fired 30 rounds of ammunition in rapid succession. Further, the drugs equated to 560 individual doses,

each of which easily could have resulted in a fatal overdose. By any definition, these are extremely serious offenses, demanding a lengthy sentence.

  2) <u>History and characteristics of the defendant</u>

  This defendant also has a lengthy and violent criminal history, spanning over 25 years, involving multiple firearms violations, and offenses committed while on some form of supervision. The defendant's criminal history began at only the age of 14, when he was observed by law enforcement offices with a loaded .38 caliber revolver. (PSR ¶30.) Then, at the age of 15, he and two other minors assaulted an individual by throwing pieces of bricks and asphalt at the victim. (PSR ¶31.) In 1999, at the age of 19, he suffered his first adult conviction after being found in possession of crack cocaine. (PSR ¶32.)

  In 2000, as discussed above, he was convicted of possession with the intent to deliver crack cocaine, which resulted in a sentence of 1 to 2 years in prison. (PSR ¶33.) Then while on bail for that charge, the defendant was the driver in a drive-by shooting which resulted in a death. As a result, the defendant pled guilty to conspiracy to commit third degree murder and was sentenced to 5-10 years. (PSR ¶34.)

Undeterred by his previous convictions and sentences, the defendant was convicted in this very Court for being a felon in possession of a firearm in 2009. That resulted in a sentence of 77 months in prison and while still on supervised release, the defendant committed the instant offenses. (PSR ¶35.) This history clearly demonstrates that the defendant is incorrigible, unwilling to adhere to the provisions of supervision, and a continuing danger to others.

3) <u>The need for the sentence imposed.</u>

In entering into this plea agreement, the defendant avoided a conviction for possession of a machine gun in furtherance of drug trafficking, which would have carried a mandatory minimum term of imprisonment of 30 years in accordance with 18 U.S.C. §924(c)1(B)(ii). This fact, combined with the seriousness of the defendant's offense conduct, his lengthy criminal history, and the defendant's extensive criminal history, demand a sentence of 14 years imprisonment.

The fact the defendant committed this misconduct while already on supervised release for a firearms conviction, requires that his supervised release be revoked and he receive a guideline sentence of 24 months. Further, for supervision to have any meaning, both sentences

must be ordered to run consecutive to one another and any anticipated revocation in state court.

4) <u>Avoiding an unwarranted disparity</u>

There are no co-defendants in this case.

## V. CONCLUSION

For the foregoing reasons, the United States submits that the Court should sentence the defendant in accordance with the plea agreement to 14 years imprisonment, a 3 year term of supervise, a $500 fine, and a $100 special assessment. It should also revoke his supervised release at this Court's docket number 1:09-CR-93, sentence him to 24 months, and should order both sentences to run consecutive to one another and any other term of imprisonment.

Respectfully submitted,

BRUCE D. BRANDLER
Acting U.S. Attorney

<u>/s/ Scott R. Ford</u>
Scott R. Ford
Assistant United States Attorney
228 Walnut Street, P.O. Box 11754
Harrisburg, PA 17108
717/221-4482 (Office)
Scott.r.ford@usdoj.gov
Bar No. PA-313218

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 1:18-CR-48 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| CHARLES NOLDEN | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 8th day of September 2021, she served a copy of the attached

## GOVERNMENT'S SENTENCING MEMORANDUM

by email to the following:

M. Jason Asbell

jasbell@gkh.com

                                           /s/ Irana L. Abrams
                                           Irana L. Abrams
                                           Legal Assistant