Case 1:18-cr-00048-JPW   Document 124   Filed 05/03/22   Page 1 of 9

FILED
HARRISBURG, PA
MAY 03 2022
PER
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES E. NOLDEN SR.       Criminal No: 1:18-CR-48
Petitioner

V.       MOTION FOR COMPASSIONATE RELEASE

UNITED STATES OF AMERICA

Now comes the petitioner, Charles E. Nolden Sr. before this Honorable Court respectfully requesting that The Honorable, Judge Ms. Jennifer Wilson grant my motion for a Compassionate Release or a reduction in sentence pursuant to 18 U.S.C. 3582(c)(1)(A)(i).

## I. BACKGROUND

On October 28, 2021, I plead guilty to a 2 (two) count indictment. Count 1 (one) was for a violation of 18 U.S.C. 922(g) and I received a sentence of 108 months and Count 2 (two) was for a violation of 18 U.S.C. 924(c) and I received a 60 (sixty) month sentence which was ran consecutive to Count 1 (one).

I am 42 years old and I suffer from Atrial Fibrillation, which is a serious heart condition that consist of abnormal heartbeats and I've been prescribed the medication - Metoprolol which treats high blood pressure, chest pain or chest pressure.

This medication is used after a heart attack to help prevent future heart attacks and lengthen life. I also suffer with Pulmonary Fibrosis which is damaged or scarred lung tissue.

I am seeking a compassionate release or a reduction in my sentence to lessen my chances of contracting the COVID-19 virus, which has serious and potentially lethal consequences for someone with my issues.

## II. LEGAL STANDARD

The compassionate release provision of 18 U.S.C. 3582(c) as amended by the First Step Act of 2018, provides in pertinent part that "the court upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendants behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants facility – whichever is earlier, may reduce the term of imprisonment, if finds that extraordinary and compelling reasons warrant such a reduction" and if such reduction is consistent with applicable policy statements issued by the Sentencing Commission, 18 U.S.C. 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, §603(b) 132 Stat. 5194, 5239

# III. DISCUSSION

## A. EXHAUSTION OF ADMINISTRATIVE REMEDIES

I have exhausted the required administrative remedies, the wardens reply is enclosed with this motion. "SEE EXHIBIT 1

B. The COVID-19 virus is highly contagious and can be spread even by asymptomatic carriers. The virus is spread mainly from person to person, between people who are in close contact with one another through respiratory droplets produced when an infected person coughs or sneezes. Courts around the country have recognized that the risk of COVID-19 to people in jails and prisons is significantly higher than in the community both in terms of risk of transmission, exposure and harm to the individuals who become infected.

C. Prisons are ill-equipped to prevent the spread of COVID-19, public health experts who recommend containing the virus through measures such as social distancing, frequently disinfecting shared surfaces, frequently washing hands or using hand sanitizer recognize that these precautions are virtually impossible to implement in a prison setting. Joseph J. Amon an infectious disease epidemiologist and Director of Global Health and Clinical Professor in the Dept. of Community Health and Prevention at the Drexel Dornsife School of Public Health has studied infectious diseases in detention settings state that Detention facilities have even greater risk of infectious spread because of the conditions of crowding, the proportion of

vulnerable people detained, and other scant medical care. People live in close quarters and are also subject to security measures which prohibit successful "social distancing" that is needed to effectively prevent the spread of COVID-19. Toilets, sinks, and showers are shared without disinfection between use, Food service is communal with little opportunity for surface disinfection, the crowded conditions in both sleeping areas and social areas, and the shared objects (toilets, sinks, showers, etc.) will facilitate the transmission of Covid-19.

## EXTRAORDINARY AND COMPELLING CIRCUMSTANCES

1. (A) The following medical issues that I currently suffer from are serious and have a detrimental effect on my health which is deteriorating

   (B) I Am 42 years old I suffer from Atrial Fibrillation and Pulmonary Fibrosis, having damaged or scarred lung tissue which makes it hard for me to breathe at times

   (C) I have to take Flecainide "which is used to treat certain types of abnormal heartbeats. I was advised by my physician at Well-Span that if this medication does not get my heartbeat back to normal, that surgery would be required within a year, it's been 2 years now and the BOP has not tried to schedule me to be seen by a heart physician.

(D) I have a spot on my left lower lung which is an a nodule, which needs to be monitored closely by CT Scans to make sure that the spot doesn't spread and/or become lung cancer.

On April 4, 2022, I was rushed to the hospital from F.C.I - Allenwood-Medium due to complications with my heart. The medical dept. here has limited resources and cannot provide me the proper medical care. Medical staff here at Allenwood has notified me that they do not have a copy of my medical records and they would have to get a copy of my medical records from York County Prison. I advised the medical staff that I have not been seen by my medical provider at Allenwood, and that I would try and get a copy of my medical records from Wellspan Health Center. "SEE; EXHIBIT 2"

On April 13, 2022 I received a copy of my medical records from Wellspan, On April 14, 22, I signed up for sick call to give medical staff the copy of my medical records and health information that I had received from Wellspan so they could verify my health issues. Nurse Snok refused to take the copy and would not contact Wellspan to get a copy directly from them to update my medical records here at Allenwood. I have enclosed the sick call form dated 4/14/22, which will show active medical problems which consist of Atrial Fibrillation and the nodule on my lung. I'm submitting exhibits from electronic sick call form(s) to medical and to Warden Gibson to show that medical staff here are refusing me medical treatment. "SEE EXHIBIT 3"

I've also enclosed medical records from Allenwood FCI and Wellspan Health Center. Wellspan has tried to contact me for a CT Scan on 3/4/22 thru 3/7/22. See Wellspan Health medical record at colored tagged page

which will show communication discussing follow up visits. The medical records from Wellspan Health states that my health issues are serious But medical staff at Allenwood F.C.I do not care. "SEE EXHIBIT 4"

I respectfully ask that you do not allow me to die in this facility.

## OTHER FACTORS

(1) I have been a model inmate
(2) I work to the best of my ability daily in UNICOR
(3) I have been told that I'm not eligible for the First Step Act"

I was sentenced to 108 months for a violation of 18 U.S.C. 922(g) which is considered non-violent and 60 months consecutive for a violation of 18 U.S.C. 924(c). I have 56 months credited toward my 60 month sentence and I'm now working towards completing the 108 month sentence which is not violent, but my Unit team and Custodial staff here at Allenwood continue to deny me the chance to apply my earned credit under the First Step Act.

## Proposed Release Plans

If granted a compassionate release, I will reside at 942 Marbrook Lane, York, PA 17404 with my wife, Mrs. Claribel Nolden and my two sons, Charles E Nolden III who's 14 years old and my son Caedyn J Nolden who's 6 years old. I will continue to seek medical treatment for my medical issues from my primary care physician and I will immediately gain employment.

## CONCLUSION

If granted a compassionate release, I will comply with any and all conditions imposed by this Honorable Court and All conditions of Supervised release. I do not object to Home detention with electronic monitoring and will remain in my home unless I'm approved to leave for employment, religious observances, medical appointments or any other activities. I will provide the U.S. Probation officer with any requested documentation.

I qualify for Compassionate Release due to my medical issues and considering the ongoing Coronavirus Pandemic. I respectfully ask you to review my medical records from the B.O.P. and Wellspan Health Center given that my medical issues put me at a high risk of serious illness or death if I come in contact with the virus and also due to the lack of healthcare here at the B.O.P. which has limited healthcare and cannot give me the proper medical care that I need. I respectfully ask that you grant me a Compassionate Release.

Respectfully Submitted
s/ Charles E. Nolden Jr.
Charles E. Nolden Sr. # 16326-067
F.C.I.-Allenwood-Medium
P.O. Box 2000
White Deer PA 17887

# CERTIFICATE OF SERVICE

The petitioner, placed the enclosed motion for Compassionate Release in the hands of staff at F.C.I-Allenwood medium on 4/28/2022

The motion is addressed to:

U.S. District Court
Clerk of Court
228 Walnut St
Harrisburg, PA 17108

The motion is sent by U.S. mail with postage prepaid

Date: 4/28/2022

s/ Charles E. Nolden Sr
Charles E. Nolden Sr
#16326-067
FCI-Allenwood-medium
P.O. Box 2000
White Deer PA 17887

