# EXHIBIT 1

REQUEST FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. 3582(C)(1)(A) AND/OR EARLY HOME CONFINEMENT UNDER THE CARE ACT H.R. 748.

Case 1:18-cr-00048-JPW   Document 124-1   Filed 05/03/22   Page 2 of 14

Charles E. Nolden
#16326-067
FCI Allenwood Medium
P.O. Box 2000
White Deer, PA 17887-2000

March 28, 2022

TO: Warden Mr../Mrs..: Gibson,
Through Unit Manager: White/Frame

Dear: Warden Gibson

    AND NOW, This 28 Day of March 2022, COMES, Inmate Charles E. Nolden #16326-067 Requesting Compassionate Release under 18 U.S.C. 3582(C)(1)(A) AND/OR Early Home Confinement in accordance with the recently passed CARE ACT H.R. 748, Which was signed into law March 27,2020.

    Pursuant to 18 U.S.C.3582(C)(1)(A), And the recently passed CARE ACT H.R. 748, Inmate Charles E. Nolden, Hereby submits this formal request for Compassionate Release and or Early Home Confinement, On this instant Federal Sentence. I aeuiscence to the proper procedure, this request is being submitted through Unit Team/Manager to Warden Gibson office for Consideration.

## COMPASSIONATE RELEASE OR EARLY HOME CONFINMENT

    Congress recently passed the Coronavirus Aid, Relief, and Economic security Act (CARES ACT). The CARES ACT expands the Bureau of Prison's authority to utilize Compassionate Release or Early Home Confinement as a "Tool for combatting the dangers that Covid-19 poses to our vulnerable inmates... Memorandum of 4/3/20 from Attorney General William Barr to director of Bureau of Prison. At this time the BOP is " Reviewing all inmates who have Covid-19 risk factors, as described by the CDC..., with priority given to institution that have experienced significant levels of COVID-19 disrupting operations.

    Then President Trump on March 27,2020, permits and give the Bureau Of Prison's power to lengthen the maximum amount of time that a person can be in home confinement during the Coronavirus pandemic, allowing eligible inmates to be transferred to Home confinement earlier in their sentence. The Bureau Of Prison previously only allowed inmates to be in confinement for only 6 months, but under the recently passed CARES ACT, the Bureau Of Prison can increase that time to whatever it determines appropriate.

    Section 12003(C)(2) of the CARES ACT exempts any BOP Rule on the selection of people to go to Home Confinement from the "notice-and-Comment Requirement of the administrative Procedure Act", which means the BOP can roll out its own Rule quickly (see; CARES ACT/SECTION 12003.) Additionally, On March 27,2020, Attorney General William Barr directed the Bureau Of Prison in a memo to begin identifying more inmates for transfer to Home Confinement and to prioritize grating Home Confinement to inmates who were convicted of non-violent lower level crime's, who have shown good conduct behind bars and have plan's for release that will not put them and other's at greater risk for contracting the virus.

    Petitioner, is requesting Warden Gibson to consider his application for immediate Home Confinement or Compassionate Release and/or lengthen his time to the maximum amount of Home Confinement as directed by Attorney General William Barr and pursuant to the recently passed CARE'S ACT of 2020. Petitioner meet's the qualifying factors for such a placement of the maximum amount of Early Home Confinement or Compassionate Release, AND NOW, requesting Warden Gibson to consider his application for immediate Home Confinement or Compassionate Release due to his qualifying factor's.

    1) On June 25,2020, The CDC updated it's guidance on the groups of individual's at increased risk for sever illness from Covid-19.

A. People of any age "with the following condition's" including,
  *Cancer.
  *Chronic Kidney Disease.
  *COPD (chronic obstructive pulmonary disease).
  *Immunocompromised state (weakened immune system)from solid organ transplant.
  *Obesity (body mass index of 30 or higher.
  *Serous Heart Condition's, such as heart failure, Coronary artery disease, or Cardiomyopathies.
  *Sickle Cell disease.
  *Type 2 diabetes mellitus.

B. People "with the following condition's might be at increase risk for severe illness from Covid-19.
  *Asthma.
  *Cerebrovascular disease.
  *Cystic fibrosis.
  *Hypertension or High Blood pressure.
  *Immunocompromised State(weakened immune system) from blood or bone marrow transplant, immune deficiencies.
  *Neverological condition, such as dementia.
  *Liver disease.
  *Pregnancy.
  *Pulmonary Fibrosis (Having damaged or scarred lung tissue's).
  *Smoking.
  *Thalassemia (a type of blood disorder).
  *Type 1 diabetes.

Petitioner is an at-risk, he suffer from an Chronic Atrial Fibrillation, a serious heart condition, which consist of abnormal heartbeats and take medication such as:

Metoprolol: which treats,
  *High blood pressure.
  *Chest pain or pressure.
  *It is used after a heart attack to help prevent futures heart attacks and lengthen life.

Flecainide:
  *It is used to treat certain types of abnormal Heartbeats.

Apixaban/Eliquis:
  *Treat prevent blood clots.

Petitioner was advised by his physician at well-span that if his medication didn't get his heartbeat back to a regulars heartbeat that surgery would required with in a year. It's been "2 year's now and the Petitioner still have not have surgery done and Petitioner is not getting better.

Petitioner also have a spot on his left lower lung which is an a nodule, which need to be monitored closely and have CT-scans done to make sure it not Cancer.
  *Pulmonary Fibrosis (having damaged or scarred lung tissues).

Petitioner meets the qualifying factors for placement of the maximum amount of Home Confinement or Compassionate release. Petitioner was convicted of 922(g) and 924(c), which is an non-violent offense, Petitioner offense is not listed in the categorization of the offenses that forbid him from being considered for Compassionate release or Early Home Confinement.

In the event that Petitioner, Petition is granted for Compassionate Release or Early Home Confinement his release plan's are:
"He will be living with his wife Claribel Nolden and there two son's Charles E. Nolden III 14 year's old and Caedyn J. Nolden 6 year's old at 942 Marbrook lane, York PA 717404. Claribel Phone number (717)548-0141. Petitioner has an CDL Class B driver license and will be going back to work for is previous employer at "Penn Waste INC". Where he worked from October 2015 to August 2017 driver recycle truck."

TRULINCS 16326067 - NOLDEN, CHARLES EUGENE - Unit: ALM-D-A

---

    Petitioner is humbly asking WARDEN _Gibson_ to please submit the necessary documentation to the director of the Bureau Of Prison, recommending the Petitioner for Compassionate Release or Early Home Confinement. For the Petitioner continual stay behind bars along with his serious heart conditions and Pulmonary Fibrosis, server no penological purposes. The coronavirus disease(COVID-19) is rapidly spreading in all parts of the United States, including it prison's. There is no vaccine or cure for this deadly disease. The Centers for Disease (CDC) recommends protecting oneself from the disease by frequent handwashing, frequent sterilizing of surface's, and remaining at a distance of at least 6 feet from each other. It's impossible to do that at this facility. The CARES ACT expends the Bureau Of Prison authority to utilize Compassionate Release or Home Confinement as a "tool for combatting the danger that Covid-19 pose's to vulnerable inmate's.

    Thank you for consideration of this Petition for Compassionate Release and or Early Home Confinement,

                            Charles E. Nolden Sr.
                            _/s/ Charles E. Nolden_

Cc/ file:
Warden: _Gibson_
Unit Team/ Manager: _White/Frame_

Date: _3-28-22_

Name: Nolden, Charles
Reg. No.: 16326-067
Unit:  Unit 1A
Page 1

---

### Inmate Request to Staff Response

This is in response to your Inmate Request to Staff, received on March 28, 2022, wherein you request a Compassionate Release/Reduction in Sentence (RIS) and home confinement based upon Extraordinary/Compelling reasons. Specifically, you indicate you are at a higher risk of contracting COVID-19 based upon pre-existing medical conditions.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, <u>Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§3582(c)(1)(A) and 4205(g)</u>, provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Your request for Compassionate Release/RIS has been reviewed. Our records indicate you are 42 years old. You have not been diagnosed with a terminal medical condition, and you are not disabled or unable to perform activities of daily living. Your condition does not diminish your ability to function in a correctional environment. The BOP is taking extraordinary measures to contain the spread of COVID-19 and treat any affected inmates. We recognize you, like all of us, have legitimate concerns and fears about the spread and effects of the virus. However, based on your current medical conditions, you do not currently warrant an early release from your sentence.

Currently, Section 12003(b)(2) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") grants discretion to the BOP to place inmates on home confinement for a longer term under 18 U.S.C. § 3624(c)(2). The BOP's discretion is guided by criteria listed in memoranda from the Attorney General.

A comprehensive review of your circumstances revealed your current conviction is characterized as a crime of violence. You are a medium security inmate with a High risk of recidivism. Therefore, you are not a suitable candidate for home confinement placement.

Accordingly, your request for Compassionate Release/RIS and home confinement is denied. If you are not satisfied with this response to your request, you may appeal this decision through the Administrative Remedy Process.

4/15/2022
Date

P. Gibson
Acting Warden

Received Copy

4-17-22
M. Wirth

# EXHIBIT 2

MRN: 840764168
NOLDEN, CHARLES E
DOB: 01/11/80   04/04/22
066211053-2094

UPMC Williamsport


TRULINCS 16326067 - NOLDEN, CHARLES EUGENE - Unit: ALM-A-A

----------------------------------------------------------------------------------------

FROM: 16326067
TO: MED Health Services
SUBJECT: ***Request to Staff*** NOLDEN, CHARLES, Reg# 16326067, ALM-A-A
DATE: 04/09/2022 05:47:06 PM

To: PA Staff
Inmate Work Assignment: UNICOR

I just arrived at this institution on 02-28-2022 and I have not been seen by my PA as of today. I previously went to the sick call that is provided during the week with complaints about my heart. I have been experiencing shortness of breath and chest pains.This is due to me having been diagnosed with afib heart condition. I was seen by medical staff on 04-04-2022 due to the same complications and sent to the outside hospital for the same complications that I am having today. I spoke to officer white (who was the officer on duty on unit 1A); and he advised me to go to medical and explain what is going on to them. I spoke to the nurse Yonkin on 04-09-2022 about my problem and she denied me medical treatment. Making this the second time that she did this.I also spoke to Lt.Mansell.

I have a serious health condition that should be noted to all medical staff; just incase I start to have this happen again.

Thank you for any assistance that you could help me with.

Respectfully;
Charles E. Nolden

# EXHIBIT 3

# FCC ALLENWOOD

Sick Call, Dental Request and Medication Refill Form

## ONLY WRITE ONE ISSUE PER FORM
## SOLO ESCRIBE UN PROBLEMA POR FORMULARIO

All appointments will be placed on call out following triage unless deemed urgent or emergent by the clinician per policy

Todas las citas se colocará en la llamada a la siguiente clasificación a menos que se considere urgente o emergente por el clínico por la política

| | |
|---|---|
| Select only 1: **Medical** / Dental / Pharmacy | Seleccione sólo 1: Medicinal / Dental / Farmacia |
| Name / Nombre: Charles Nolden | Number / Número: 16326-067 |
| Unit and Cell / Unidad y la Celda: 1A 230 | Date / Fecha: 4/14/22 |

What is your problem? / Cual es su problema? I have a copy of my medical records that the Medical Department here does not have of my heart condition and Lung nodule.

When did your problem begin or how long have you had the problem?
¿Cuándo comenzó su problema o hace cuánto tiempo lo tienes?

When were you seen last for your problem?
¿Cuándo fue la última vez que Ud. fue visto por su problema? April/4/22

Write the names of the medications you need refilled below.
DO NOT WAIT UNTIL YOU ARE OUT OF MEDICATION TO TURN IN REFILLS.
Escriba abajo los nombres de los medicamentos que necesitan rellenarse.
NO ESPERE A QUE TERMINE SU MEDICACION PARA SOLICITARLA DE NUEVO.

| Medication/Medicamento | Used for / Tomado para | Medication / Medicamento | Used for / Tomado para |
|---|---|---|---|
| 1. Metoprolol | | 4. | |
| 2. Apixaban | | 5. | |
| 3. Flecainide | | 6. | |

Health Services Copout:

TRULINCS 16326067 - NOLDEN, CHARLES EUGENE - Unit: ALM-A-A

-----------------------------------------------------------------------------------

FROM: 16326067
TO: MED Associate Wardens
SUBJECT: ***Request to Staff*** NOLDEN, CHARLES, Reg# 16326067, ALM-A-A
DATE: 04/14/2022 10:15:49 AM

To: Warden Gibson
Inmate Work Assignment: unicor

How are you doing today? the reason that I'm sending this email to you is because I was diagnose with a atrial affibulation heart condition and i have nodules on my lung that requires CT Scan every year, i have not seen my provider since i been here at FCI Allenwood medium and on 4-4-22 i was sent to the outside hospital because i was having shortness of breathe and chest pain and heart beat was irregular. I since then been having chest pains and shortness of breathe and was sent to medical by officer White i believe it was on 4-6 or 4-8-22 at 4:30 pm and was denied treatment by nurse Yonkin and was told to come back to sick call the next day. My heart condition along with my lung nodules is a serious medical condition and i should not hav been denied treatment at that time. When I was sent to the outside hospital on 4-4-22 the medical department here did not have a copy of my medical records from York County Prison or Well-span in York County, but I am on heart medication and blood thinners, I had my wife contact Well-Span to have my medical records sent in and i have a copy and today 4-14-22 i went down to medical during sick to inform the nurse or PA that i have a copy and that it has the name and number of the doctors i been seeing at the York hospital and Well-span but medical did not want to take them and my Provider was not in. The medical staff at Well-Span has been sending emails about my whereabout to schedule me for a Ct Scan and because my lung nodules, these email is from 3-22-22. My health is at risk and need to be taken seriously which the medical staff here at FCI Allenwood is not doing. I still do not know my Provider names or had a check-up or even spoken to about my health issues so I will like to inform you of this matter and ask your help. Thank you.

                              Sincerely,
                            Charles E. Nolden Sr

TRULINCS 16326067 - NOLDEN, CHARLES EUGENE - Unit: ALM-A-A

----------------------------------------------------------------------------

Prosecutors to Stop Asking for Compassionate Release Waivers in Plea Agreement: NPR

https://www.gordondefense.com/blog/compassionate-release/prosecutors-plea-agreement-compassionate-release/

The Justice Department is ceasing a troubling practice after an NPR story shed light on it in February. Plea agreements that waive the right to seek compassionate release may be coming to an end.

Federal prosecutors have been seeking to limit defendants' rights to win compassionate release from prison in plea negotiations across the country, a practice that advocates say undermines the intent of Congress and produces cruel outcomes.
Two advocacy groups   Families Against Mandatory Minimums and the National Association of Criminal Defense Lawyers asked Deputy Attorney General Lisa Monaco on Tuesday to prohibit U.S. attorneys from including the "pernicious" language in plea agreements.
In a copy of their letter exclusively provided to NPR, the groups said at least six jurisdictions around the nation are using the provisions, either barring defendants from filing any motions for early release because of extraordinary medical or family conditions or limiting them to only one such request and barring appeals.
"We understand that the Department of Justice has an interest in ensuring the finality of a sentence, but we fear that recent behavior by [U.S. attorney's offices] place the interest of efficiency and finality above anything else, including the person's life and their rights under law," said the letter from Kevin Ring of FAMM and Martin Sabelli of NACDL.
Source: NPR, https://www.npr.org/2022/02/16/1080863822/the-u-s-is-limiting-compassionate-release-in-plea-deals-many-say-thats-cruel

The impact of this can hardly be overstated: Inmates have only had a short while to have access to compassionate release through the courts. During that same short time and immediately after congress and the president signed into law the FIRST STEP Act, prosecutors started limiting compassionate releases by holding the threats of trial and the increased sentencing over the heads of the accused. The news is compounded by the pandemic and its effects: inmates with preexisting conditions that could make them susceptible to serious illness or death from COVID-19 were barred from seeking reductions in sentence because of these plea agreements.

Deputy Attorney General Writes Memorandum
Deputy Attorney General Lisa Monaco has submitted a memorandum to all prosecutors with a change in department policy. Below is the text of the memorandum. I believe that if you are detained prior to trial and considering a plea agreement you should show this to your lawyer. Your loved ones can find it here: https://www.justice.gov/file/1482956/download
MEMORANDUM FOR ALL FEDERAL PROSECUTORS
FROM: THE DEPUTY ATTORNEY GENERAL

SUBJECT: Department Policy on Compassionate Release Waivers in Plea Agreements

Since enactment of the First Step Act in 2018, the "compassionate release" statute codified at 18 U.S.C. 3582(c)(l)(A) has permitted defendants to file motions on their own behalf seeking compassionate release in district courts. Such motions can be an important mechanism for relief where a defendant establishes, for example, a serious medical condition or a pressing family caretaking need.

In response to Congress' amendment of Section 3582(c)(l)(A) and the filing of compassionate release motions by defendants, particularly during the COVID-19 pandemic, U.S. Attorney's Offices in different districts have adopted different approaches to compassionate release in plea agreements. The majority of U.S. Attorneys' Offices do not seek waivers of a defendant's right to file a motion under Section 3582(c)(l)(A) in plea agreements, but some offices have done so. Courts that have confronted the issue have held that a defendant may generally waive the right to file such a motion.

Nonetheless, in order to ensure a consistent practice across the Department, as well as an approach that accords with the statute, the relevant guidelines promulgated by the Sentencing Commission, and the interests of justice, the Department now issues the following guidance: As a general matter, plea agreements should not require broad waivers of the right to file a

TRULINCS 16326067 - NOLDEN, CHARLES EUGENE - Unit: ALM-A-A

---

compassionate release motion under Section 3582(c)(l)(A). Specifically, prosecutors should not, as a part of a plea agreement, require defendants to waive: (1) the general right to file a compassionate release motion; (2) the right to file a second or successive such motion; or (3) the right to appeal the denial of a compassionate release. If a defendant has already entered a plea and his or her plea agreement included a waiver provision of the type just described, prosecutors should decline to enforce the waiver.

Notwithstanding the above, there are select instances in which it may be permissible for a U.S. Attorney's Office to include or seek to enforce a much narrower form of waiver. These exceptions are for: (1) district-wide waivers negotiated with local defenders' offices, provided that the negotiated waiver does not categorically preclude the defendant from filing a first or successive compassionate release motion; (2) waivers that limit the permissible bases for a motion to those set forth in Section 1 B 1.13 of the Sentencing Guidelines, until that provision is amended by the Sentencing Commission; and (3) in exceptionally rare cases such as certain terrorism and homicide cases, waivers negotiated with defense counsel, subject to the nondelegable approval by the U.S. Attorney. If offices have questions about these exceptions, they should consult with the Criminal Division.

CONCLUSION
We are just about out of space for this edition of the newsletter. Take care and stay safe.

Jeremy Gordon, Esq.
P.O.BOX 2275
Mansfield, Texas 76063
Tel: 972-483-4865
Website: www.gordondefense.com
E-mail: info@topfederallawyer.com (newsletter sign-up)
info@gordondefense.com (retention inquiries)
www.facebook.com/gordondefense (please visit and "like")
Inmate Calls Arranged by Appt.
(please call my office and ask one of my assistants to set a time for me to speak with you)