UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 1:18-CR-00048 |
| | : | |
| v. | : | (Judge Wilson) |
| | : | |
| CHARLES NOLDEN, | : | |
| Defendant. | : | (Electronically Filed) |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(C)(1)(A)(I)

Defendant, Charles Nolden, filed a motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) due to the threat posed by the COVID- 19 pandemic coupled with his medical conditions. This Court should deny the motion because Nolden has failed to demonstrate extraordinary and compelling reasons for his request. Further, the 18 U.S.C. §3553(a) factors demand his continued incarceration. For these reasons, Nolden's motion should be denied.

Factual Background

On February 14, 2018, a six-count Indictment was filed charging Charles Nolden as follows: Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 1); Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1) (Count 2); Possession of a

Machinegun, in violation of 18 U.S.C. § 922(o) (Count 3); Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d) (Count 4); Distribution and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. § 841(a)(1) (Count 5); and Possession of a Machinegun in Furtherance of Drug Trafficking, in violation of 18 U.S.C. §924(c) (Count 6).

On February 16, 2021, Nolden pled guilty, in accordance with a written plea agreement, to a two count superseding information which charged him with possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). The plea agreement was entered, pursuant to Rule of Criminal Procedure 11(c)(1)(C) in which the parties agreed that the defendant be sentenced to 14 years imprisonment, a three year term of supervised release, a $500 fine, and a $200 special assessment. (Doc. 90) On October 28, 2021, the Court sentenced Nolden in accordance with the plea agreement. (Doc. 120)

On May 3, 2022, Nolden filed a *pro se* motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 124) The Government now responds.

I. **Nolden's Request for a Sentence Reduction.**

Nolden is incarcerated at FCI Allenwood (Medium) with a projected release date of April 11, 2031. As of May 17, 2022, FCI Allenwood (Medium) had no inmates or staff members who have COVID-19. Federal Bureau of Prisons, *COVID-19 Cases*, at https://www.bop.gov/coronavirus/. On March 28, 2022, Nolden submitted a request for "Compassionate Release or Early Home Confinement" to staff at FCI Allenwood (Medium). On April 15, 2022, the warden denied his request noting that Nolden does not meet the criteria for compassionate release.

In Nolden's Motion for Compassionate Release, Nolden claims he suffers from atrial fibrillation and pulmonary fibrosis. (Doc. 124, 1-2) Nolden states that he is currently prescribed Flecainide and Metoprolol. (*Id.*, 1, and 4) Nolden also claims that he was rushed to the hospital on April 4, 2022 due to complications with his heart and that the medical staff at FCI Allenwood (Medium) cannot provide him with proper medical care. (*Id.*, 5)

## Legal Framework

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his or her term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his or her behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896,

899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." USSG § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf. 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

5

"suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." USSG § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is:

> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

USSG § 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. USSG § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." USSG § 1B1.13, cmt. n.1(D).

## Argument

This Court should deny Nolden's motion for a reduction in his sentence because he has failed to establish "extraordinary and

compelling reasons" supporting his request and he has not demonstrated a reduction is warranted in light of the relevant § 3553(a) factors.

### A. Nolden Has Not Identified "Extraordinary and Compelling Reasons" for a Sentence Reduction.

First, Nolden's request for a sentence reduction should be denied because he has not demonstrated "extraordinary and compelling reasons" warranting release. As the Third Circuit has held, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020);; *see also United States v. Eberhart*, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("a reduction of sentence due solely to concerns about the spread of COVID-19 is not consistent with the applicable policy statement of the Sentencing Commission as required by

§3582(c)(1)(A).").[2] To now classify COVID-19 as an extraordinary and compelling reason would not only be inconsistent with the text of the statute and the policy statement, but also would be detrimental to BOP's organized and comprehensive anti-COVID-19 regimens, could result in the scattershot treatment of inmates, and would undercut the strict criteria BOP employs to determine individual inmates' eligibility for sentence reductions and home confinement. Section 3582(c)(1)(A) contemplates sentence reductions for specific individuals, not the widespread prophylactic release of inmates and the modification of lawfully imposed sentences to deal with a pandemic that is clearly on the downswing.

---

[2] *See also*, e.g., *United States v. Coles*, 2020 WL 1899562 (E.D. Mich. Apr. 17, 2020) (denied for 28-year-old inmate at institution with outbreak); *United States v. Okpala*, 2020 WL 1864889 (E.D.N.Y. Apr. 14, 2020); *United States v. Weeks*, 2020 WL 1862634 (S.D.N.Y. Apr. 14, 2020); *United States v. Haney*, 2020 WL 1821988 (S.D.N.Y. Apr. 13, 2020) (denied for 61-year-old with no other conditions); *United States v. Pinto-Thomaz*, 2020 WL 1845875 (S.D.N.Y. Apr. 13, 2020) (two insider trading defendants with less than a year to serve have no risk factors); *United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) ("in this Court's view, the mere possibility of contracting a communicable disease such as COVID-19, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme."); *United States v. Carver*, 2020 WL 1892340 (E.D. Wash. Apr. 8, 2020).

Therefore, it becomes necessary to look at Nolden's specific medical conditions. The Government agrees that Nolden is being treated for atrial fibrillation and concedes that he was sent to the hospital on April 4, 2022, but notes that his medical records demonstrate that both the prison and outside hospital ensured Nolden received proper medical treatment and that he was returned to the prison without incident. (*Id.*, 9-16 and 90-100) Furthermore, this has been an on-going medical condition and Nolden's PSR specifically stated that he was diagnosed with atrial fibrillation and a pulmonary node on his left lung in August of 2020. (PSR ¶¶54 and 55) Hence, the Court knew at sentencing of the defendant's medical conditions.

The Government admits that the CDC has determined that individuals with certain heart conditions are more likely "to get very sick from COVID-19." https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html However, those dangers have been mitigated for Nolden as BOP has provided him with two doses of the Moderna vaccine. (Exhibit 1, BOP Medical Records, 68) Given that Nolden's medical conditions are being treated and the risk of serious illness if he contracts COVID-19 has been mitigated by

9

the fact he has been vaccinated, Nolden has failed to establish "extraordinary and compelling reason" for a sentence reduction under § 3582(c). For this independent reason, the motion should be denied.

### B. The § 3553(a) Factors Require Nolden's continued incarceration.

Furthermore, Nolden's request for a sentence reduction should be denied because he has failed to demonstrate that he merits release under the § 3553(a) factors. Prior to granting a motion for compassionate release, this Court must consider the 3553(a) factors, just as it did when it sentenced the defendant. It should be noted, that the Court conducted that analysis less than a year ago and nothing has changed.

With regard to the defendant's offense conduct, on August 22 and again on August 23, 2017, the defendant sold a bundle of heroin to a cooperating source. At a minimum, the drugs sold on August 23, 2017 contained fentanyl in addition to heroin. (PSR ¶7.) On August 23, 2017, officers executed a search warrant on the defendant's residence and discovered a bag containing 13.38 grams of a mixture containing heroin and fentanyl, rubber bands, empty glassine bags, and a digital scale. (PSR ¶8.) In the defendant's vehicles, investigators found seven

glassine bags containing an additional 1.31 grams of a mixture containing both heroin and fentanyl, two Oxycontin pills, and a box of empty glassine bags. (PSR ¶ 10.) Investigators also found an AR-15 rifle, a fully loaded 30 round magazine, 150 rounds of 5.56 ammunition, and various rifle parts under the defendant's bed. The rifle had been modified to fire on fully automatic. (PSR ¶9.)

There can be no question that this offense conduct is serious. The defendant was responsible for 14 grams of a mixture containing heroin and fentanyl, the equivalent of 560 individual doses, any one of which could have easily resulted in a fatal overdose. Furthermore, he possessed not only an assault rifle and a 30 round magazine, but the rifle was modified to fire fully automatic. Individually, either one of these charges would be serious, but combined, there can be no question this was egregious offense conduct.

Nolden also has a lengthy and violent criminal history, spanning over 25 years, involving multiple firearms violations, and offenses committed while on some form of supervision. That criminal history began at only the age of 14, when he was observed by law enforcement offices with a loaded .38 caliber revolver. (PSR ¶30.) Then, at the age of

15, he and two other minors assaulted an individual by throwing pieces of bricks and asphalt at the victim. (PSR ¶31.) In 1999, at the age of 19, he suffered his first adult conviction after being found in possession of crack cocaine. (PSR ¶32.)

In 2000, Nolden was convicted of possession with the intent to deliver crack cocaine, which resulted in a sentence of 1 to 2 years in prison. (PSR ¶33.) Then while on bail for that charge, the defendant was the driver in a drive-by shooting which resulted in a death. As a result, the defendant pled guilty to conspiracy to commit third degree murder and was sentenced to 5-10 years. (PSR ¶34.)

Undeterred by his previous convictions and sentences, Nolden was then convicted in this very Court for being a felon in possession of a firearm in 2009. That resulted in a sentence of 77 months in prison and while still on supervised release, the defendant committed the instant offenses. (PSR ¶35.) This history clearly demonstrates that the defendant is incorrigible, unwilling to adhere to the provisions of supervision, and a continuing danger to others.

Further, in entering into this plea agreement, the defendant avoided a conviction for possession of a machine gun in furtherance of

drug trafficking, which would have carried a mandatory minimum term of imprisonment of 30 years in accordance with 18 U.S.C. §924(c)1(B)(ii).  As a result of the Government dismissing that charge, the parties entered into an agreement in which the defendant would be sentenced to 14 years imprisonment.  That agreement was approved by the Court, less than a year ago and, by virtue of the PSR, the Court was aware of Nolden's medical conditions.  Nothing has changed that would justify the sentence being changed at this time.  Therefore, Nolden's motion should be denied.

## Conclusion

For these reasons, this Court should deny Nolden's motion for a sentence reduction on the merits.

Respectfully submitted,

JOHN C. GURGANUS
United States Attorney

Date:  May 18, 2022            /s/ Scott Ford
SCOTT FORD
Assistant U.S. Attorney
PA 313258
228 Walnut Street, Suite 220
Harrisburg, PA 17108
Phone: (717) 221-4482
scott.r.ford@usdoj.gov

# CERTIFICATE OF SERVICE

I certify that on May 18, 2022, I caused a copy of the within brief to be served upon the defendant by first-class mail to the following address:

Charles Eugene Nolden – 16326-067
FCI Allenwood Medium
Federal Correctional Institution
P.O. Box 2000
White Deer, PA 17887

/s/ Scott R. Ford
SCOTT R. FORD
Assistant U.S. Attorney